**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | |
| | **Chapter 11** |
| **CAESARS ENTERTAINMENT OPERATING COMPANY, INC., et al.,** | **Action pending in the United States Bankruptcy Court for the Northern District of Illinois (Case No. 15-01145 (ABG))** |
| Debtors. | |
| | |
| **OFFICIAL COMMITTEE OF SECOND PRIORITY NOTEHOLDERS,** | **Miscellaneous No.: 16-206-JAD** |
| Movant, | **Doc. No.** |
| v. | **Related to Document Nos. 2 -19** |
| **FRED J. KLEISNER,** | |
| Respondent. | |

## MEMORANDUM OPINION

On September 21, 2016, the Court conducted a hearing on the following matters: the *Motion to Compel Respondent Fred Kleisner to Produce Documents and Information in Response to the Subpoena* (the "Motion to Compel"), the movant's *Expedited Motion for and Order Transferring the Motion to Compel* to the United States Bankruptcy Court for the Northern District of Illinois (the "Motion to Transfer"), and the *Non-Party Fred J. Kleisner's Objection and Response in Opposition to Noteholders' Expedited Motion for an Order Transferring the Noteholder Committee's Motion to Compel* ("Objection").

Upon due consideration of Motion to Transfer and the Objection thereto, the affidavits and other documents of record submitted by the parties in connection therewith, the arguments made by counsel at the hearing, and for the reasons set forth below, the Court shall enter an order that transfers the Motion to Compel to the United States Bankruptcy Court for the Northern District of Illinois at Case No. 15-01145 (ABG)) (the "Issuing Court").

## I.

The subpoena at issue is directed to Mr. Fred. J. Kleisner (the "Kleisner Subpoena"), who served as an independent director of Caesars Entertainment Corporation ("CEC"). According to the Motion to Compel, Mr. Kleisner is an alleged co-defendant in what is described by the movant as "a nearly 200-page adversary complaint alleging multiple claims … [against the] core group of individuals who sat on the boards of CEC and/or [Caesars Entertainment Operating Company ("CEOC")]." See Motion to Compel at para. 9.

The Motion to Compel avers that the lawsuit, which was filed in the Issuing Court at Adversary Proceeding No. 16-00522 (the Adversary Proceeding"), alleges claims against Mr. Kleisner sounding in breach of fiduciary duty. Id. The Motion to Compel further avers the Adversary Proceeding was filed after a bankruptcy examiner filed a report with the Issuing Court identifying potential claims against CEOC's directors and CEC, and concluded that the potential aggregate damages could range from $3.6 billion to $5.1 billion. Id. at para. 8 and n.4.  The movant

avers further in the Motion to Compel that the range of damages may be higher than what was estimated by the examiner. Id.

Naturally, Mr. Kleisner disputes the allegations made in the Adversary Proceeding. According to the Objection, Mr. Kleisner is not an officer, director or employee of CEOC. In addition, counsel to Mr. Kleisner points out in their Objection that not one page of the examiner's report contains a "finding that the CEOC estate has any claim against Kleisner personally." See Objection at para. 8. Indeed, Mr. Kleisner further avers that the examiner "found that Kleisner acted in good faith and that his statements [to the examiner] were credible." Id.

The lawsuit described above is germane to the bankruptcy case pending in the Issuing Court because the Debtors have filed in that court a proposed Second Amended Plan of Reorganization (the "Plan") which provides for a release of claims and causes of action asserted in the Adversary Proceeding.

The movant herein is a creditor-group contesting the Plan arguing, among other things, that the Plan's releases are not fair and equitable. Factors that a bankruptcy court uses to determine whether a settlement is reasonable include (but are not limited to) the complexity of the case at issue, the likelihood of success in the underlying litigation, and the possible difficulties of collecting on any judgment which might be obtained. See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Andersen, 390 U.S. 414, 424 (1967). Because the Kleisner Subpoena seeks documents sufficient to show Mr. Kleisner's net worth, the movant avers that it is the "difficulties of collection"

prong of TMT Trailer that is the subject of the Kleisner Subpoena. See Motion to Compel at para. 10-11.

**II.**

The Kleisner Subpoena was issued out of the Issuing Court. The Kleisner Subpoena was served on counsel to the Respondent in Pittsburgh, Pennsylvania, who accepted service albeit with some reservations. As such, the merits Kleisner Subpoena is generally required to be heard in this judicial district because this Court is the "compliance court" for purposes of Rule 45. See, e.g., Cadence Pharms., Inc. v. Multisorb Techs., Inc., 16MC22G, 2016 U.S. Dist. LEXIS 107769 at *5 (W.D.N.Y. Aug. 15, 2016).

The movant, however, seeks a transfer of the Motion to Compel to the Issuing Court pursuant to Fed.R.Civ.P. 45(f) which is incorporated into bankruptcy matters by operation of Fed.R.Bankr.P. 9016.

Subdivision (f) is a recent addition to Rule 45. The Advisory Committee Notes state that courts considering a transfer of compliance related motions under Rule 45(f) should be primarily concerned with "avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." See Fed.R.Civ.P. 45(f) advisory committee notes to 2013 amendment.

Nonetheless, the Advisory Committee Notes further state that a "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues

4

presented by the motion or the same issues are likely to arise in discovery in many districts." Id.

Ultimately, according to the Advisory Committee Notes, "the proponent of transfer bears the burden of showing that" exceptional circumstances are present that warrant a transfer. Id.

### III.

This Court concludes that the movant has demonstrated exceptional circumstances that warrant transferring the Motion to Compel to the Issuing Court—namely the need for efficiency, uniformity and orderliness to the discovery process attendant to the Plan confirmation proceeding that is pending in the Issuing Court.

In this regard, the movant alleges without much dispute that the Kleisner Subpoena is one of "ten identical Subpoenas served [upon] officers and directors of Caesars Entertainment Corporation and/or Caesars Entertainment Operating Company." Motion to Compel at 3. Furthermore, it is undisputed by the parties that the Bankruptcy Court sitting in the Southern District of New York has already transferred six of the ten subpoenas back to the Issuing Court, and the Issuing Court has ruled on the breath and scope thereof. Id., at par. 3-5. In light of the fact that the Issuing Court has already examined a significant number of the issues concerning similar subpoenas, it seems more appropriate for that court (who has the first-hand knowledge of the parties and their respective

circumstances) to rule on the compliance issues raised by the Kleisner Subpoena.

The interests of justice further convince this Court to transfer the Motion to Compel because the Issuing Court is more than able to act swiftly to insure that discovery attendant to the litigation pending there is managed in a way that comports with the deadlines already established by the Issuing Court. Parks, LLC v. Tyson Foods, Inc., Misc. Action No. 15-634, 2015 WL 5008255 at *2 (W.D. Pa. Aug. 20, 2015). This Court's conclusion is particularly acute in light of the September 26, 2016 deadline imposed by the Issuing Court for serving deposition notices as well as its October 31, 2016 deadline for completing all fact discovery.

### IV.

Furthermore, this Court finds that a transfer to the Issuing Court will not significantly burden Mr. Kleisner. The record reflects that at least on one occasion after service of the Kleisner Subpoena, counsel for Mr. Kleisner advised the movants that Mr. Kleisner consented to the transfer of the Motion to Compel to the Issuing Court. While there may be a dispute as to whether this consent was effectively retracted, the existence of this proposed consent is indicia as to Mr. Kleisner's willingness to litigate the issues surrounding the Kleisner Subpoena before the Issuing Court.

In addition, the alleged location of Mr. Kleisner further demonstrates that he suffers no meaningful burden by the transfer. The record reflects that he

argues that he is neither a resident of Pennsylvania, nor is he employed or regularly transacts business within 100 miles of Pittsburgh, Pennsylvania. Declaration of Kleisner, Dkt. No. 19, Ex. A. Rather, at the hearing held on this matter it was contended that his residence, domicile and place of business is in the state of Washington. Without this Court making any affirmative finding that Mr. Kleisner's residence, domicile or place of business is the state of Washington, these allegations are, at a minimum, an admission that Mr. Kleisner is currently located in the state of Washington. It would therefore appear that Mr. Kleisner concedes that when compared to the Western District of Pennsylvania, the Northern District of Illinois is a place that is not demonstrably inconvenient for Mr. Kleisner to appear and defend his interests. In fact, the Issuing Court is geographically closer to Mr. Kleisner's alleged current location than is the Western District of Pennsylvania. In addition, the Court takes judicial notice that the law firm representing him also has an office in the Northern District of Illinois. As such, this Court concludes that Mr. Kleisner is not made any worse off by the transfer of the Motion to Compel to the Issuing Court.

**V.**

Even if Mr. Kleisner suffers some modicum of inconvenience by the transfer, any possible burden placed on Mr. Kleisner is outweighed by the risk that proceedings in this Court will disrupt the Issuing Court's management of the underlying litigation. The modicum of burden to Mr. Kleisner is also outweighed by the risk that the litigation of matters here may result in decisions

inconsistent with the Issuing Court's rulings on the same or similar issues. As stated above, the Issuing Court is not only generally familiar with the facts and circumstances of the underlying case, it has already adjudicated challenges made by parties to similar subpoenas. This Court therefore believes the Issuing Court is specifically familiar with the precise discovery dispute that is contained in Kleisner's Responses and Objections to the Kleisner Subpoena. The Issuing Court's familiarity, when combined with the risk that this Court will either reach an inconsistent ruling or delay the proceedings in the Issuing Court, is an exceptional circumstance that warrants the immediate transfer of the Motion to Compel to the Issuing Court. See Parks, LLC v. Tyson Foods, Inc., Misc. Action No. 15-634, 2015 WL 5008255 at *2 (W.D. Pa. Aug. 20, 2015).

## VI.

Finally, for the sake of clarity, this Court is not ruling on any service of process issues, jurisdictional issues, or any other substantive or procedural issues that concern or relate to the Kleisner Subpoena. Those disputes, if any, are reserved for the Issuing Court to decide to the extent those sorts of issues are subsumed in the Motion to Compel and the Objection thereto.

*[Remainder of Page Intentionally Left Blank]*

As such, for the reasons stated on the record and as stated herein, the Court shall enter an order that provides for the transfer the Motion to Compel and Objection thereto, together with all papers filed at Miscellaneous 16-206-JAD, to the United States Bankruptcy Court for the Northern District of Illinois at Case No. 15-01145 (ABG)).

Dated:  September 21, 2016

          _____
          Jeffery A. Deller, Chief Judge
          United States Bankruptcy Court

FILED
9/21/16 9:39 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

cc:   Ira Karoll, Esq., counsel to the movant
      Roy W. Arnold, Esq., counsel to the respondent